UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00594-FDW-DSC

| SUNBELT RENTALS, INC., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| JEREMY GHENT, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's, Jeremy Ghent, Motion to Consolidate this case with Sunbelt Rentals, Inc. v. Vortex Companies, LLC et al, Case No. *3:18-cv-00018-RJC-DSC*. (Doc. No. 38). Plaintiff, Sunbelt Rentals, Inc., opposes consolidation. Having fully considered the record, including the parties' briefs (Docs. Nos. 39, 45, 46), the Court GRANTS the motion for the following reasons.

**I. BACKGROUND**

In Sunbelt Rentals, Inc. v. Jeremy Ghent, Plaintiff filed its Complaint for Injunctive Relief and Damages against Defendant on October 6, 2017, alleging breach of contract and trade secret misappropriation relating to Ghent's alleged violation of his Employment Agreement with Sunbelt and alleged disclosure of proprietary information to his new employer, Vortex Turnkey Solutions, Inc. (Doc. No. 1). On October 24, 2017, this Court issued an order enjoining Defendant from engaging in or performing acts in violation of the non-competition and non-solicitation provisions of his Employment Agreement. (Doc. No. 28).

1

In <u>Sunbelt Rentals, Inc. v. Vortex Companies, LLC et al</u>, (the "Related Action") Sunbelt filed an action against Vortex Companies, LLC and Vortex Turnkey Solutions, LLC (collectively, "Vortex") on January 10, 2018, alleging federal and state claims for misappropriation of trade secrets, tortious interference with contract, and violations of North Carolina's Unfair Trade Practices Act stemming from Vortex's employment of Ghent and alleged acceptance of Sunbelt's proprietary information from Ghent.

Defendant filed its Motion to Consolidate this case with <u>Sunbelt Rentals, Inc. v. Vortex Companies, LLC et al</u>, Case No. *3:18-cv-00018-RJC-DSC* (Doc. No. 38) on February 1, 2018.

## II. ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure allows the Court to consolidate several actions into a single proceeding:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>   (1) join for hearing or trial any or all matters at issue in the actions;
>   (2) consolidate the actions; or
>   (3) issue any other orders to avoid unnecessary cost or delay.
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Courts have broad discretion in determining whether to consolidate. <u>A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977). Consolidation does not merge the suits into a single cause or change the rights of the parties. <u>Intown Properties Mgmt. Inc. v. Wheaton Van Lines</u>, 271 F.3d 164, 168 (4th Cir. 2001). In determining whether to consolidate a case, the Court considers several factors including: (1) the risk of prejudice and confusion, (2) the

burden on the parties and witnesses, and (3) the economy of judicial resources. See Arnold v. Eastern Airlines, 681 F.2d 186, 193 (4th Cir. 1982).

Here, Defendant convincingly argues the pervasive overlap of law and fact between this case and the Related Action warrants consolidation. (Doc. No. 39, p. 6). Sunbelt's claims against both Ghent and Vortex arise largely from the same series of events, namely Vortex's employment of Ghent following his resignation from Sunbelt and Ghent's alleged disclosure of Sunbelt's proprietary information on Vortex's behalf. Such being the case, the claims against Ghent and Vortex necessitate the resolution of similar issues. For example, as Defendant points out, Plaintiff's various state and federal claims against both Ghent and Vortex for trade secret misappropriation require a determination of whether the information at issue constitutes trade secrets, whether it was misappropriated, and whether Sunbelt suffered damages as a result. (Doc. 46, p. 3). Defendant additionally argues (1) consolidation poses no risk of prejudice or possible confusion; (2) consolidation will lessen the burden on the parties by lessening duplication of discovery and motion practice; (3) the suits involve much of the same evidence and witnesses; (4) consolidation will not significantly lengthen the time required to conclude this matter; and (5) multiple trials will result in significantly higher costs and expenses for all parties. Id.

Plaintiff, on the other hand, opposes consolidation although concedes there are commonalities of fact and law between this case and the Related Action. (Doc. No. 45, p. 5). Plaintiff primarily contends consolidation is inappropriate because it would postpone the resolution of this case. Id. at 4. Because the cases are at different stages of litigation, Plaintiff argues that consolidation would lead to significant delays in this matter. Id. In its response to Defendant, Plaintiff further contends (1) there is not a risk of inconsistent adjudication; (2)

3

consolidation will not lessen the burden on parties, witnesses, and judicial resources; and (3) consolidation will not reduce the relative expense of the case. Id. at 5-8.

The Court notes Plaintiff's concerns but ultimately finds its arguments unpersuasive. While the cases are at different stages of litigation, with modifications to the discovery and motion deadlines there is no need to move the July 2018 trial date. Additionally, despite Plaintiff's arguments otherwise, one consolidated trial, rather than two separate trials, is plainly less burdensome on litigants and witnesses. In short, the Court determines the factors in favor of consolidation outweigh those opposing. While this case and the Related Action do not involve perfect identity of parties or claims, the two cases arise from substantially the same series of events such that resolution of these matters requires largely the same factual inquiries. As such, judicial economy, burden on the parties and witnesses, and the parties' right to a fair and impartial trial are best served by resolving these suits in a single proceeding. Accordingly, given numerous common questions of both law and fact between this case and the Related Action, the Court in its discretion determines consolidation is appropriate pursuant to Rule 42 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Consolidate this case with Sunbelt Rentals, Inc. v. Vortex Companies, LLC et al, Case No. *3:18-cv-00018-RJC-DSC* (Doc. No. 38), is GRANTED, and this Court shall accept re-assignment of Case No. *3:18-cv-00018*.

IT IS SO ORDERED.

Signed: March 6, 2018

Frank D. Whitney
Chief United States District Judge